UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
BONNIE RIVIEZZO,

                    Plaintiff,                    MEMORANDUM & ORDER
                                                  22-CV-5697 (JS)(LGD)

        -against-


HILTON WORLDWIDE HOLDINGS, INC.;                  **FILED**
HILTON DOMESTIC OPERATING COMPANY                 **CLERK**
INC.; HILTON FRANCHISE HOLDING
LLC; HILTON FRANCHISE LLC;                        4:53 pm, Mar 06, 2024
HOMEWOOD SUITES FRANCHISE, LLC;                   **U.S. DISTRICT COURT**
GCP MONMOUTH LLP; and GULPH CREEK                 **EASTERN DISTRICT OF NEW YORK**
HOTELS.,                                          **LONG ISLAND OFFICE**

                    Defendants.
-------------------------------X
APPEARANCES
For Plaintiff:      Stephen Lee O'Brien, Esq.
                    O'Brein & O'Brein, LLP
                    168 Smithtown Boulevard
                    Nesconset, New York  11767

For Defendants:     Joseph Laird, Esq.
                    Wilson Elser Moskowitz Edelman & Dicker
                    150 East 42nd Street
                    New York, New York  10017

                    Neha Dewan, Esq.
                    DLA Piper US LLP
                    1251 Avenue of the Americas
                    New York, New York  10020

SEYBERT, District Judge:

        Defendants, Hilton Worldwide Holdings, Inc. ("HWHI"),

Hilton Domestic Operating Company Inc. ("HDOC"), Hilton Franchise

Holding LLC ("HFHLLC"), Hilton Franchise LLC ("HFLLC"), Homewood

Suites Franchise, LLC ("Homewood LLC") (collectively the "Hilton

Defendants"), GCP Monmouth LP i/s/h/a GCP Monmouth LLP ("GCP LLP"),

and Gulph Creek Hotels Inc., i/s/h/a Gulph Creek Hotels ("Gulph Creek") (together with GCP LLP the "Gulph Creek Defendants" and collectively with the Hilton Defendants, the "Defendants") move pursuant to Rules 12(b)(1), 12(b)(2) and 12(f) of the Federal Rules of Civil Procedure (the "Rules"), to dismiss the Complaint of Bonnie Riviezzo (the "Plaintiff") (hereafter, the "Dismissal Motion"). (See Dismissal Motion, ECF No. 18.)  For the reasons that follow, Defendants' Dismissal Motion is GRANTED and Plaintiff's Complaint is DISMISSED.

## BACKGROUND

I.  Plaintiff's Accident

Plaintiff asserts, "[o]n or about July 9th, 2021, and at all material and relevant times, there was a hotel located at 4 Industrial Way, Eatontown, New Jersey, known as HOMEWOOD SUITES BY HILTON, EATONTOWN" (the "Hotel").  (Compl. ¶ 12.)  Plaintiff alleges that on July 9, 2021, she was lawfully present at the Hotel "as a business invitee."  (Id. ¶ 69.)  While at the Hotel, Plaintiff contends she was "walking in the parking lot . . . stepped off a curb and slipped in green algae, or some other slippery substance, that had grown or gathered at the curb, causing her serious and severe personal injuries, including fractures to her right ankle."  (Id. ¶ 70.)

Plaintiff avers "upon information and belief," that each of the Defendants: owned, leased, operated, managed, maintained, controlled, and/or supervised the Hotel. (Id. ¶ 13-68.) Plaintiff contends the Hilton Defendants and/or the Gulph Creek Defendants "had a duty to properly operate, manage, maintain, control and/or supervise" the Hotel "for the safety and well-being of its customers and invitees." (Id. ¶¶ 20, 28, 36, 44, 52, 60, 68.)

II.  The Complaint's Jurisdictional Allegations

The Complaint makes the following jurisdictional allegations.

Plaintiff "is an adult individual who is a citizen of the State of New York". (Id. ¶ 2.)

Defendant HWHI "is a business entity incorporated under the laws of the State of Delaware with its corporate office" located in Virginia. (Id. ¶ 3.)

Defendant HDOC "is a business entity incorporated under the laws of the State of Delaware with its corporate office" located in Virginia. (Id. ¶ 4.)

Defendant HFHLLC "is a limited liability corporation incorporated under the laws of the State of Delaware with its corporate office" located in Virginia. (Id. ¶ 5.)

Defendant HFLLC "is a limited liability corporation incorporated under the laws of the State of Delaware with its corporate office" located in Virginia. (Id. ¶ 6.)

3

Defendant Homewood LLC "is a limited liability corporation incorporated under the laws of the State of Delaware with its corporate office" located in Virginia. (Id. ¶ 7.)

Defendant GCP LLP "is a limited partnership organized under the laws of the State of New Jersey with its business office" located in Pennsylvania. (Id. ¶ 8.)

Defendant Gulph Creek "is a company incorporated under the laws of the State of Pennsylvania with its business office" located in Pennsylvania. (Id. ¶ 9.)

III.  Defendants' Jurisdictional Affidavits

Together with their Dismissal Motion, Defendants submitted two affidavits attesting to certain jurisdictional facts.

The first affidavit is from James O. Smith ("Smith"), Vice President of HDOC, Assistant Secretary of HFHLLC, and a Vice President of HWHI. (See Smith Aff., Ex. 1, ECF No. 18-1, attached to Support Memo, ¶ 1.)  Smith attests to the following jurisdictional facts.  "HDOC is incorporated in Delaware, headquartered in Virginia, and has its principal place of business in . . . Virginia."  (Id. ¶ 2.)  HFHLLC "is a limited liability company formed under the laws of the state of Delaware and a wholly-owned subsidiary of HDOC."  (Id. ¶ 3.)  HWHI "is incorporated in Delaware and headquartered in Virginia."  (Id. ¶ 4.)  HFLLC and Homewood LLC, "were former subsidiaries of HDOC

4

and are no longer active entities (and were not active entities at the time of the events alleged in the complaint)". (<u>Id.</u> ¶ 5.) The Hotel "is independently owned and operated by Jersey Shore Hotel Partners, LLC pursuant to a franchise agreement." (<u>Id.</u> ¶ 6.)

The <u>second affidavit</u> is from Amy Gancasz ("Gancasz"), President of Gulph Creek. Gancasz states GCP LLP "sold Homewood Suites to Jersey Shore Hotel Partners LLC in December, 2019." (Gancasz Aff., Ex. 2, ECF No. 18-1, <u>attached to</u> Support Memo, ¶ 3.) GCP LLP "is a limited partnership organized and existing under the laws of the State of New Jersey." (<u>Id.</u> ¶ 4.) Additionally, Gulph Creek "is a corporation incorporated under the laws of Pennsylvania and has its principal place of business" in Pennsylvania. (<u>Id.</u> ¶ 5.)

<u>PROCEDURAL HISTORY</u>

Plaintiff commenced the instant action by way of complaint on September 23, 2022. (<u>See generally</u> Compl.) Plaintiff asserts "[t]his Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)" because Plaintiff and the Defendants "are citizens of different states and the matter in controversy is in excess of $75,000, exclusive of interest and costs." (<u>Id.</u> ¶ 10.) Plaintiff contends "[v]enue is proper pursuant to 28 U.S.C. § 1391(b)(2) and/or (3) because a substantial part of the events giving rise to this action occurred in this

district and/or Defendants are subject to this Court's jurisdiction with respect to this action." (Id. ¶ 11.)

On January 30, 2023, the Defendants filed a joint motion for a pre-motion conference (the "PMC Request") in anticipation of filing the instant Dismissal Motion. (PMC Request, ECF No. 16.) Plaintiff did not object to the PMC Request (see PMC Resp., ECF No. 17), and with leave of this Court, the Defendants filed the Dismissal Motion on March 9, 2023. (See Support Memo, ECF No. 18-1, attached to Dismissal Motion.) On April 11, 2023, Plaintiff filed her Opposition to the Dismissal Motion. (See Opp'n, ECF No. 19.) The Defendants replied on May 3, 2023. (See Reply, ECF No. 20.)

DISCUSSION

I.  Legal Standard

A. Rule 12(b)(1): Lack of Subject-Matter Jurisdiction

"Federal Courts are courts of limited jurisdiction." Matkal LLC v. VG Rush Corp., No. 18-CV-2833, 2019 WL 1748601, at *3 (E.D.N.Y. Apr. 18, 2019) (quoting Gunn v. Minton, 568 U.S. 251, 256 (2013)). To that end, a district court must dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." Huntress v. United States, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). While a court, ordinarily, "'must take all

6

facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff,' . . . 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted) (first quoting Nat. Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006); then quoting APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003)), aff'd 561 U.S. 247 (2010); see also Rui Ming Lin v. Wolf, 481 F. Supp. 3d 106, 108 (E.D.N.Y. 2020) ("In reviewing a motion to dismiss under Rule 12(b)(1), . . . [t]he Court may refer to evidence outside the pleadings.") (citing Makarova, 201 F.3d at 113).

  B. Rule 12(b)(2): Lack of Personal Jurisdiction

    Likewise, "[o]n a 12(b)(2) motion to dismiss, the plaintiff bears the burden of establishing personal jurisdiction over the defendant." NuMSP, LLC v. St. Etienne, 462 F. Supp. 3d 330, 341 (S.D.N.Y. 2020) (citing Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34 (2d Cir. 2010)). "Where the parties have not engaged in discovery, as here, a plaintiff seeking to defeat a motion to dismiss based on the lack of personal jurisdiction need only make a prima facie showing that jurisdiction exists." Id. (citing Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84-85 (2d Cir. 2013)). A plaintiff can make such a showing by providing "affidavits and supporting materials,

containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 138 (2d Cir. 2010) (quoting Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001)).  "In deciding whether the plaintiff has met this burden, the pleadings and affidavits must be viewed in the light most favorable to the plaintiff, with all doubts resolved in its favor." Commodity Futures Trading Comm'n v. TFS-ICAP, LLC, 415 F. Supp. 3d 371, 380 (S.D.N.Y. 2019); see also GlaxoSmithKline LLC v. Laclede, Inc., No. 18-CV-4945, 2019 WL 293329, at *3 (S.D.N.Y. Jan. 23, 2019) (stating, where there has been no discovery on the issue, the court must credit plaintiff's "averment of jurisdictional facts as true[,]" and, moreover, "the allegations in the complaint must [also] be taken as true to the extent they are uncontroverted by the defendant's affidavits, which the district court may also consider") (citing MacDermid, Inc. v. Deiter, 702 F.3d 725, 727-28 (2d Cir. 2012)).

II.  Analysis

    A. The Court Lacks Subject-Matter Jurisdiction Because the Complaint Fails to Plead the Citizenship of Certain Parties

Section 1332(a) of Title 28 provides, in pertinent part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between-- (1) citizens of different states". 28 U.S.C. § 1332(a)(1). Section 1332(a) "require[s] complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005); see also Pa. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc., 772 F.3d 111, 117-18 (2d Cir. 2014). It is the burden of the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 to demonstrate that the grounds for diversity jurisdiction exist and that there is complete diversity among the parties.

For diversity purposes, an LLC "is completely diverse from opposing parties only if all of the members of the LLC are citizens of different states than all opposing parties." Dumann Realty, LLC v. Faust, No. 09-CV-7651, 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013) (collecting cases) (emphases in original). It is axiomatic then, that a complaint which fails to plead the citizenship of an LLC party's members also fails to adequately plead diversity jurisdiction. Infinity Consulting Grp., LLC v. Am. Cyberstystems, Inc., No. 09-CV-1744, 2010 WL 456897, at *1 (E.D.N.Y. Feb. 3, 2010) (Seybert, J.).

Similarly, the citizenship of an LLP "depends on the citizenship of its partners", and "is treated as a citizen of every state of which its partners are citizens." Roche Cyrulnik Freedman LLP v. Cyrulnik, 582 F. Supp. 3d 180, 187 (S.D.N.Y. 2022) (citing

Milberg LLP v. HWB Alexandra Strategies Portfolio, No. 19-CV-4058, 2020 WL 3833829, at *2 (S.D.N.Y. July 8, 2020)).

For diversity purposes a corporation "is considered a citizen of the state in which it is incorporated and the state of its principal place of business." Mazaya Trading Co. v. Fung Grp., 419 F. Supp. 3d 781, 782 (S.D.N.Y. 2020) (citing Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 48 (2d Cir. 2012)). "A corporation's principal place of business under § 1332 is 'the place where a corporation's officers direct, control, and coordinate the corporation's activities.'" OneWest Bank, N.A. v. Melina, 827 F.3d 214, 218 (2d Cir. 2016) (quoting Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010)); see also Jackson v. Madison Sec. Grp. Inc., No. 21-CV-8721, 2022 WL 4538290, at *2 (S.D.N.Y. 2022) ("A corporation's principal place of business is its 'nerve center,' that is, the 'place where the corporation's high-level officers direct, control, and coordinate the corporation's activities.'" (quoting Hertz, 559 U.S. at 80-81)).

Defendants argue that "[t]he court should dismiss the complaint because plaintiff fails to allege the parties' citizenship, which is required to establish the Court's subject matter jurisdiction." (Support Memo at 4.)  Without allegations as to the citizenship of each individual party, Defendants aver "it is impossible for [the] court to determine whether complete

10

diversity exists, and whether it has subject matter jurisdiction to hear this case." (Id. 4-5.)

Plaintiff counters, as to HWHI, and HDOC, that the allegations in the Complaint align with the sworn statements contained in the Smith Affidavit, to wit: both companies are incorporated in Delaware and headquartered in Virginia. (Opp'n at 2.) As to HFHLLC, Plaintiff highlights that the Smith Affidavit "admits [HFHLLC] is formed under the laws of Delaware and [that it] is a wholly-owned subsidiary of HDOC"; she argues these facts suggest[] that HFHLLC is a citizen of Delaware and Virginia, i.e., the states of which its sole member is a citizen. (Id.)

As to Gulph Creek, Plaintiff asserts the Gancasz Affidavit's admission that Gulph Creek is "incorporated in Pennsylvania with its principal place of business in Pennsylvania" is not inconsistent with the allegations in the Complaint that Gulph Creek "is incorporated in Pennsylvania with its business office in Pennsylvania." (Id.) As to GCP LLP, Plaintiff argues Defendants, in their Support Memo, concede that "none of the Gulph Creek Defendants are citizens of New York". (Id. at 3.) Consequently, Plaintiff asks the Court to find that it has diversity jurisdiction over the Defendants, "and [it] should deem the Complaint amended to allege the citizenship of those Defendants, or, in the alternative, should allow Plaintiff to amend the Complaint to allege [their] citizenship." (Id. at 3.)

11

As to HFLLC, Homewood LLC, and unnamed defendant Jersey Shore Partners LLC, Plaintiff "requests limited jurisdictional discovery to determine the citizenship of" these LLCs. (Id.)

Here, the Court agrees with Defendants that the Complaint fails to plead complete diversity amongst the parties.[1] Specifically, the Complaint is devoid of allegations as to the identity of the members, and the citizenship of those members, of HFLLC, Homewood LLC, and GCP LLP.[2]  See Infinity Consulting Grp., LLC, 2010 WL 456897 at *1; see also U.S. Liab. Ins. Co. v. M. Remodeling Corp., 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) ("In pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged.").  Thus, in the absence of Plaintiff affirmatively establishing complete diversity among the parties, the Court is without subject-matter jurisdiction to adjudicate this case.

---

[1] The Court acknowledges that, "when the record as a whole, as supplemented, establishes the existence of the requisite diversity of citizenship between the parties" it may "'deem the pleadings amended so as to properly allege diversity jurisdiction.'" Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 64 (2d Cir. 2009) (quoting Canedy v. Liberty Mut. Ins. Co., 126 F.3d 100, 103 (2d Cir. 1997)).  Nevertheless, neither the Smith Affidavit nor the Gancasz Affidavit establish the citizenship of HFLLC, Homewood LLC, or GCP LLP.  Likewise, Plaintiff has not provided affidavits of her own to prove the citizenship of these entities.

[2] Plaintiff implicitly concedes this point by requesting the Court allow her to conduct "limited jurisdictional discovery to determine the citizenship of the two allegedly inactive limited liability companies, [HFLLC] and Homewood [LLC]."  (Opp'n at 3.)

Additionally, Plaintiff's request to amend her complaint to allege the citizenship of these entities must be denied since such request would be futile.  As discussed <u>infra</u>, the Court finds even if it did have subject-matter jurisdiction over this case, it would lack personal jurisdiction over the Defendants.

    B. <u>The Court Lacks Personal Jurisdiction Over the Defendants</u>

"In determining personal jurisdiction over a non-domiciliary, the Court engages in a two-step analysis."  <u>Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Wynn Las Vegas, LLC</u>, 509 F. Supp. 3d 38, 47 (S.D.N.Y. 2020) (citing <u>Sirius Am. Inc. Co. v. SCPIE Indem. Co.</u>, 461 F. Supp. 2d 155, 160 (S.D.N.Y. 2006)).  "The first step is the application of New York's long-arm statute."  <u>Id.</u>  "If the exercise of personal jurisdiction is deemed appropriate pursuant to the long-arm statute, the second step is to determine whether personal jurisdiction comports with the Due Process Clause of the United States Constitution."  <u>Id.</u>

New York's long-arm statute provides:

As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, . . . who in person or through an agent:
    3. Commits a tortious act without the state causing injury to person or property within the state, . . . if he
        i. Regularly does or solicits business, or engages in any other persistent course of conduct, or

                      derives   substantial   revenue   from
                      goods used or consumed or services
                      rendered, in the state, or

      ii.   Expects or should reasonably expect
                    the act to have consequences in the
                    state   and   derives   substantial
                    revenue   from   interstate   or
                    international commerce[.]

N.Y.   C.P.L.R.   § 302(a)(3).    "Thus,   in   order   to   establish jurisdiction under § 302(a)(3)(i) or (ii), a plaintiff must first show that: (1) the defendant committed a tortious act outside New York; (2) the claim arose from that tortious act; and (3) <u>the act caused injury to a person or property within New York</u>."   <u>Levans v. Delta Airlines, Inc.</u>, 988 F. Supp. 2d 330, 337 (E.D.N.Y. 2013) (emphasis added).

      "To determine if a tort caused injury within New York, courts traditionally employ the situs of injury test, 'which asks them to locate the original event which caused the injury.'"   <u>Id.</u> (quoting <u>Whitaker</u>, 261 F.3d at 209); <u>see also</u> <u>DiStefano v. Carozzi N. Am., Inc.</u>, 286 F.3d 81, 84 (2d Cir. 2001) ("Courts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury.'" (quoting <u>Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez</u>, 171 F.3d 779, 791 (2d Cir. 1999)).   "[A] litigant may not carry an injury home for purposes of section 302(a)(3)." <u>Thackurdeen v. Duke Univ.</u>, 130 F. Supp. 3d 792, 805 (S.D.N.Y.

2015); see also Lebron v. Encarnacion, 253 F. Supp.3d 513, 524 (E.D.N.Y. 2017) (finding, where plaintiff became infected with an STD after having intercourse in the Dominican Republic, the situs-of-injury was the Dominican Republic and not New York, notwithstanding plaintiff's contention she did not suffer symptoms until returning to New York); Domond v. Great Am. Rec., Inc., 116 F. Supp. 2d 368, 373-74 (E.D.N.Y. 2000) (finding plaintiff who sustained a bodily injury after falling from an amusement park ride in New Jersey, could not maintain tort claim against out-of-state corporation that owned the amusement park because while plaintiff may "continue[] to suffer the damages resulting from that accident at her home in New York, the locus of the injury was not in the State of New York, and thus, outside the scope of CPLR § 302(a)(3)").

Plaintiff argues "there are legitimate questions as to whether any of the Defendants have purposefully availed themselves of the privilege of conducting activities in the State of New York such that this Court may exercise personal jurisdiction over any of them." (Opp'n at 4-5.) Specifically, Plaintiff highlights "[t]he Hilton Defendants regularly advertise to residents of New York by email and other media, inviting them to stay at properties owned, operated, and/or franchised by Hilton." (Id. at 5.) Plaintiff requests limited jurisdictional discovery on this matter. (Id.) If the Court concludes New Jersey is the

appropriate forum, Plaintiff requests the Court transfer her case to New Jersey.  (Id. at 6.)  Plaintiff offers no reasoning why it would be in the interests of justice to do so.

In reply, Defendants highlight Plaintiff has not offered any evidence that she was injured within New York state for purposed of the New York long-arm statute. (Reply at 5.)  Assuming arguendo that one of the Hilton Defendants does advertise and solicit business in New York State, Defendants contend "such conduct would not establish specific personal jurisdiction over any of the Hilton Defendants because Plaintiff[] does not—and cannot—allege that her purported injury at a hotel property in New Jersey arose out of or was the result of any advertising or solicitation of business" in New York State.  (Id. at 7.)

As to Plaintiff's transfer request, Defendants oppose said request, arguing that transferring this case, "while maintaining [them as] improper parties" would be unjust.  (Reply at 8-9.)  Defendants elaborate, asserting "Plaintiff's complaint should be dismissed, and she should seek to pursue her case against the actual owner of the hotel, in the proper forum."  (Id. at 9.) Defendants aver they have provided Plaintiff's counsel with all necessary information to pursue her claim against the proper party. (Id.)

Here, all parties, including Plaintiff, agree the situs of Plaintiff's injury is New Jersey.  Consequently, the provision

of the New York long-arm statute upon which Plaintiff's personal jurisdiction argument is predicated is inapplicable. Indeed, none of the Hilton Defendants' alleged actions, i.e., advertising in New York, caused injury to a person or property within New York State. On the contrary, the Complaint specifically alleges Plaintiff was injured while at the Hotel in New Jersey. The Court, therefore, finds it would be unable to exercise personal jurisdiction over the non-domiciliary Defendants through use of New York's long-arm statute.

Additionally, the Court would decline to transfer the case. "[A] court lacking subject matter jurisdiction over a case cannot transfer the case to another court that also lacks subject matter jurisdiction." Redmond v. House of Monty Hill, LLC, No. 23-CV-7549, 2023 WL 7091916, at *1 (E.D.N.Y. Oct. 26, 2023); see also Lindstrom v. Transervice Logistics Inc., No. 17-CV-6988, 2018 WL 1121598, at *1 (E.D.N.Y. Feb. 27, 2018) ("[A] court may not issue a transfer order if it lacks subject-matter jurisdiction over the action."); Morelli & Brown, P.C. v. Hernandez, No. 05-CV-1135, 2005 WL 2148994, at *2 (E.D.N.Y. Sept. 6, 2005) ("Since this court lacks subject matter jurisdiction over the instant matter, no order transferring the case may be issued." (collecting cases)).

<u>CONCLUSION</u>

For the stated reasons, **IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss (ECF No. 18) is GRANTED and Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE to re-file in the appropriate forum.


SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 6, 2024
       Central Islip, New York

18